# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUN 02 2021

L. SIRACUSA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
A-CHECK AMERICA, INC.; PRECIPIO, INC.; and JOHN DOES, 1-10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JANE DOE

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Riverside Historic Courthouse<br>4050 Main Street<br>Riverside, CA. 92501 | CASE NUMBER: *(Número del Caso):*<br>**CVRI 2102482** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Devin Fok, Esq. (SBN 256599), Ainat Kiewe, Esq. (SBN 207439) DHF Law, PC, 2304 Huntington Dr., Ste. 210, San Marino, CA 91801

| DATE:<br>*(Fecha)* | ~~June 1, 2021~~  JUN 02 2021 | Clerk, by<br>*(Secretario)* | Siracusa | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Precipio, Inc.

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

1  Devin H. Fok, Esq. (SBN #256599)
   Ainat Kiewe, Esq. (SBN #207439)
2  **DHF Law, P.C.**
   2304 Huntington Drive, Suite 210
3  San Marino, CA 91801
   Phone Number: (888) 651-6411
4  Fax Number: (818) 484-2023
   Email: devin@devinfoklaw.com
5

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUN 02 2021

L. SIRACUSA

6  Attorney for Plaintiff
7

8              **SUPERIOR COURT OF CALIFORNIA**
9                    **COUNTY OF RIVERSIDE**
10
11
12                                              **CVRI 2102482**

JANE DOE, as an individual,              )  Case No.:
13                                           )
                        Plaintiff(s),        )  **COMPLAINT FOR DAMAGES and**
14                                           )  **DEMAND FOR JURY TRIAL**
          vs.                                )
15                                           )
A-CHECK AMERICA, INC.; PRECIPIO, INC.;       )
16  and JOHN DOES, 1-10 inclusive,           )
                                             )
17                                           )
                        Defendant(s).        )
18                                           )
                                             )
19                                           )
                                             )
20                                           )

21          Plaintiff JANE DOE (hereafter "Plaintiff") hereby files his Complaint for Damages and
22  Demand for a Jury Trial against Defendants A-CHECK AMERICA, INC. d.b.a. A-CHECK
23  GLOBAL, (hereafter as "Defendant" or "A-CHECK,"; Defendant PRECIPIO, INC. (hereafter as
24  "PRECIPIO" or "prospective employer") and JOHN DOES 1-10 inclusive (hereafter collectively as
25  "Defendants"), and alleges as follows:
26  //
27  //
28

- 1 -
COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

**NATURE OF THE ACTION**

1.   This is a case about a consumer reporting agency's failure to follow laws designed to protect consumers from inaccurate, misleading, and manifestly improper consumer reporting practices under the Fair Credit Reporting Act ("FCRA", 15 USC §1681 *et seq.*).

2.   A-CHECK disclosed, on Plaintiff's employment screening report, a criminal case where Plaintiff had received an "Absolute Pardon" under the laws of the State of Connecticut. This is considered an "erasure" and expungement of the underlying case.

3.   Nevertheless, A-CHECK reported the case as though Plaintiff had never received an "Absolute Pardon" or that the case had been sealed.

4.   Plaintiff is informed and believes that A-CHECK purchased outdated criminal history information from third-party vendors engage in the business of trafficking second-hand criminal records.

5.   It is widely known within the industry that such records are unreliable because they are infrequently updated and may not be verified for accuracy at all. In fact, one of the major problems within the industry is that these second-hand criminal records vendors have no way of knowing whether a record has been expunged.

6.   Plaintiff is informed and believes that A-CHECK never researched, retrieved, or verified the accuracy of the second-hand database information by going to the applicable court and consulting physical court records.

7.   Had A-CHECK conducted such a search first-hand at the applicable court, it would have been informed by the clerk that the records have been sealed and are otherwise unavailable to the public.

8.   Indeed, when Plaintiff's counsel attempted to obtain a copy of the court records 4-days after Plaintiff was denied employment, the court clerk informed the courier that the record had been sealed.

9.   Plaintiff disputed the contents of the report both with A-CHECK and her prospective employer and Plaintiff was never hired.

10.  Plaintiff was never provided with a copy of her background check report by her prospective employer PRECIPIO and Plaintiff was never provided with a reasonable opportunity to dispute the contents of her report.

11. On August 26, 2020, Plaintiff's counsel forwarded, on behalf of Plaintiff, a request for her full file pursuant to 15 USC §1681g via certified mail by the United States Postal Office.

12. The tracking number revealed that the mail had been delivered on September 4, 2020.

13. To date, Plaintiff has not received a response to her request.

## THE PARTIES

14. Plaintiff is an individual and resident of New Haven Connecticut.

15. Defendant A-CHECK is a consumer reporting agency, within the meaning of the 15 USC §1681a(f).

16. Defendant A-CHECK is a California corporation with its principal place of business in Riverside California.

17. Plaintiff is ignorant of the Defendants sued herein as JOHN DOES 1-10, inclusive, and therefore, sues those Defendants by such capacities when such information is ascertained through discovery.

18. Plaintiff is informed and believes and thereon alleges that each of the JOHN DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

19. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants JOHN DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## FIRST CAUSE OF ACTION

### (Violation of 15 USC §1681e(b) and DOES 1-10)

20. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

- 3 -

1   21. Plaintiff is informed and believes and thereon alleges Defendant failed to use reasonable
2   procedures to ensure the maximum possible accuracy of the information reported.   Specifically,
3   Defendant failed to use reasonable procedures to ensure that the reported information was accurate.
4   22. Defendant's violations were negligent, reckless and/or willful entitling Plaintiff to damages
5   pursuant to 15 USC §1681n and o. Such damages include but is not limited to actual and/or
6   statutory penalties, emotional distress, damage to reputation and attorney's fees and costs.

8   **SECOND CAUSE OF ACTION**

9   **(Violation of 15 USC §1681k(a)(2) against A-CHECK and DOES 1-10)**

10   23. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.
11   24. Plaintiff is informed and believes and thereon alleges Defendant failed to use strict
12   procedures to ensure that the reported information is complete and up to date.   Specifically,
13   Defendant reported outdated information that does not accurately reflect the current public record
14   status of Plaintiff's criminal case which was an "Absolute Pardon" accompanied by erasure and
15   sealing of the conviction.

16   25. Defendant's violations were negligent, reckless and/or willful entitling Plaintiff to damages
17   pursuant to 15 USC §1681n and o. Such damages include but are not limited to actual and/or
18   statutory penalties, emotional distress, damage to reputation and attorney's fees and costs.

20   **THIRD CAUSE OF ACTION**

21   **(Violation of 15 USC §1681g against A-CHECK and DOES 1-10)**

22   26. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.
23   27. Plaintiff is informed and believes and thereon alleges Defendant failed to respond Plaintiff's
24   full file request made pursuant to 15 USC §1681g.

25   28. Defendant's violations were negligent, reckless and/or willful entitling Plaintiff to damages
26   pursuant to 15 USC §1681n and o. Such damages include but are not limited to actual and/or
27   statutory penalties, emotional distress, damage to reputation and attorney's fees and costs.

- 4 -

## FOURTH CAUSE OF ACTION

### (Violation of 15 USC §1681i against A-CHECK and DOES 1-10)

29. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

30. Plaintiff is informed and believes and thereon alleges Defendant failed to conduct a reasonable investigation.

31. Defendant's violations were negligent, reckless and/or willful entitling Plaintiff to damages pursuant to 15 USC §1681n and o. Such damages include but are not limited to actual and/or statutory penalties, emotional distress, damage to reputation and attorney's fees and costs.

## FIFTH CAUSE OF ACTION

### (Violation of 15 USC §1681b against PRECIPIO and DOES 1-10)

32. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

33. Plaintiff is informed and believes and thereon alleges Defendant PRECIPIO failed to provide Plaintiff with a copy of her report and a reasonable opportunity to dispute the contents of the report *before* her job offer was rescinded by PRECIPIO in violation of 15 USC §1681b(b).

34. Prior to purchasing consumer reports from a consumer reporting agency such as A-CHECK, users of consumer reports such as PRECIPIO was required to certify to the consumer reporting agency that it will comply with §1681b(b). Only upon such certification is given may A-CHECK furnish consumer reports to PRECIPIO. Plaintiff is informed, and believes, and thereon alleges that PRECIPIO did in fact provide such a certification in its service agreement with A-CHECK.

35. Defendant therefore, willfully and/or recklessly violated the §1681b and the terms of the certification by failing to provide Plaintiff with a copy of her report *before* adverse action was taken.

36. Plaintiff alternatively allege that Defendant's violations were negligent.

37. Defendant PRECIPIO's violations entitle Plaintiff to damages pursuant to 15 USC §1681n and o. Such damages include but are not limited to actual and/or statutory penalties, emotional distress, damage to reputation and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgement against Defendants and each of them as follows:

1. As to all claims:

   a. For a declaration that Defendants' practices violate ICRA;

   b. For statutory, compensatory, special, general, and punitive damages according to proof as applicable against all Defendants;

   c. For interest upon such damages as permitted by law;

   d. For an aware of reasonable attorneys' fees provided by law under all applicable statutes;

   e. For the costs of the lawsuit'

   f. For injunctive relief as applicable; and,

   g. For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests and demands a jury trial on all issues triable by jury.

DATED: June 1, 2021

A True Copy
Attest

_____
DEVIN H. FOK, ESQ.
**DHF LAW, P.C.**
Attorney for Plaintiff

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL